IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SANDRA STANGLE,                       )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )    Case No. 09 C 1250
                                      )
ALA CARTE ENTERTAINMENT, INC.,        )
1893 WALDEN OFFICE SQUARE, INC.       )
d/b/a MORETTI'S, and JAMES EARLY,     )
                                      )
        Defendants.                   )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Sandra Stangle sued Ala Carte Entertainment ("ACE"), 1893 Walden Office Square, and James Earley[1] for violations of Title VII of the Civil Rights Act of 1964 and Illinois law. Stangle has moved for partial summary judgment on counts 1 and 4 of her complaint. For the reasons set forth below, the Court denies Stangle's motion on count 1 and grants it in part on count 4.

## Background

The following facts are drawn largely from Stangle's statement of material facts (Pl.'s Stmt.). Because defendants failed to provide a statement of facts that complies fully with Local Rule 56.1, the Court deems admitted, for purposes of this motion, all facts in Stangle's statement that were not controverted in defendants' statement. N.D. Ill. R. 56.1(b)(3)(c); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir.

---

[1] Defendant Earley's name was misspelled "Early" in Stangle's complaint.

2009).

ACE is a corporation that owns a number of businesses, including Moretti's Restaurant and Pizzeria. Pl.'s Stmt. ¶ 2. ACE employed Stangle as a server and bartender beginning in 2004. *Id.* ¶ 3. ACE also employs defendant Earley as its "corporate general manager." *Id.* ¶ 5. While Stangle worked at Moretti's, Earley would come to the restaurant approximately twice per week for drinks. *Id.* ¶ 13. Stangle alleges that Earley sexually harassed her on numerous occasions during his visits to Moretti's.

Earley admits he engaged in some of the conduct that forms the basis for Stangle's claims. Specifically, Stangle alleges that on March 20, 2008, Earley put his hands on both sides of Stangle's face and kissed her on the lips. *Id.* ¶ 18. During a deposition, Earley admitted to having done this. *Id.* He also testified that he apologized to Stangle for the kiss and admitted his actions were improper. *Id.* ¶¶ 20-21. Additionally, Stangle alleges that at various points Earley told Stangle to "do [him]," that she looked good in white, and that he wanted to "bite [her] chops." *Id.* ¶¶ 31-33. Earley admits making these comments but contends that he did so in a benign context. Defs.' Mem. 2, 7-8.

Stangle's complaint includes other allegations that Earley denies. In particular, Stangle contends that Earley frequently tried to stick his finger in her ear and rub her shoulders. Pl.'s Stmt. ¶ 49. She also alleges that after Earley kissed her on March 20, 2008, he told her "I would f--- you." *Id.* ¶ 50. Finally, Stangle asserts that on or about May 29, 2008, Earley grabbed her hair and tried to force her head into his crotch. *Id.* ¶

51. Earley contends that none of these incidents occurred. Defs.' Mem. 4.

## Discussion

On a motion for summary judgment, the Court draws "all reasonable inferences from undisputed facts in favor of the nonmoving party and [views] the disputed evidence in the light most favorable to the nonmoving party." *Harney v. Speedway SuperAmerica*, *LLC*, 526 F.3d 1099, 1104 (7th Cir. 2009). A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment is appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After Stangle submitted her motion for partial summary judgment, defendants filed a motion pursuant to Rule 36(b) to withdraw admissions they had made by failing to respond to Stangle's requests to admit. The Court granted this motion in part on August 10, 2010 and revisits that ruling here before turning to the merits of Stangle's motion.

**1. The Rule 36(b) motion**

Stangle served her first set of requests to admit on both Earley and ACE on May 4, 2009. Defendants did not respond in timely fashion and did not seek or obtain an extension of time. Instead, they served late responses to the requests, on August 11, 2009. Because defendants' responses were served over three months after Stangle's

requests were served, the facts contained in her requests were admitted by operation of law. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").

On June 21, 2010, Stangle moved for partial summary judgment, relying in part on defendants' admissions. Defendants then moved on July 26, 2010 to withdraw the admissions. They argued that withdrawal of the admissions was appropriate because "[t]he actual evidence presented in this case . . . raise[s] multiple issues of fact to be resolved by the jury." Defs.' Mot. 2.

"A court, in its discretion, may permit a party to rescind admissions when doing so better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005); *see also* Fed. R. Civ. P. 36(b). A court retains discretion to deny a motion to withdraw admissions, however, even if the movant meets the conditions for withdrawal. *See United States v. Kasuboski*, 834 F.2d 1345, 1350 n.7 (7th Cir. 1987) ("Rule 36(b) allows withdrawal of admissions if certain conditions are met *and* the district court, in its discretion, permits the withdrawal") (emphasis added); *see also In re Fisherman's Wharf Fillet, Inc.*, 83 F. Supp. 2d 651, 661 (E.D. Va. 1999) ("Clearly, no absolute right to withdraw admissions exists").

At a hearing on the motion to withdraw on August 3, 2010, the Court conditionally agreed that allowing defendants' admissions to be withdrawn would better serve the presentation of the case on its merits. The Court noted, however, that

defendants had served tardy responses for no reason other than inexcusable neglect and then had allowed nearly a year to pass before filing moving to withdraw their admissions. Just as importantly, the Court noted that granting defendants' motion would render moot significant portions of Stangle's arguments in support of partial summary judgment, thus turning that part of the motion into a waste of the time and effort of Stangle's counsel.

The Court therefore proposed that it would grant defendants' motion to withdraw the admissions only if defendants agreed to pay the reasonable attorney's fees incurred by Stangle in preparing the now-wasted portions of her motion. Defendants agreed to do so. In reliance on this agreement, the Court granted the motion to withdraw conditioned on defendants' payment of Stangle's reasonable attorney's fees that were wasted as a result. The Court also set a schedule for briefing and determining the amount of the fee award.

In their brief addressing the amount of fees to be awarded, defendants effectively reneged on their prior agreement, arguing that Stangle is not entitled to a fee award because "preparation of a motion for partial summary judgment does not constitute prejudice" within the meaning of Rule 36(b). Defs.' Mem. in Opp. to Award of Atty's Fees 1. Defendants cite no authority for the proposition that a finding of "prejudice," as that term is used in Rule 36(b), is necessary to support a fee award in this context. Even if prejudice is required, however, Stangle established it; her attorney spent significant time and effort preparing arguments that were rendered moot upon defendants' belated withdrawal of the admissions.

In any event, the Court's determination to award reasonable attorney's fees to

Stangle is supported by defendants' express agreement to condition withdrawal of their admissions upon payment of plaintiff's reasonable attorney's fees. That agreement, stated in open court on August 10, 2010, was not the result of a spur-of-the-moment decision by defendant or its counsel. Rather, at an earlier hearing on the motion, held on August 3, 2010, the Court laid out its proposal and gave counsel an opportunity to confer with defendant before responding. There was nothing improper or coercive about putting defendants to a choice that resulted only from their own inexcusable neglect in failing to make a timely response to Stangle's requests to admit and their later request to relieve themselves from the consequences of that neglect.

The fee award is also supported by this Court's inherent authority to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). The Seventh Circuit has recognized that under this common law authority, an award of fees is appropriate if a party "act[s] recklessly or with indifference to the law." *In re TCI Ltd. (Appeal of William L. Needler & Assocs., Ltd.)*, 769 F.2d 441, 445 (7th Cir. 1985) (concerning 28 U.S.C. § 1927); *see also id.* (noting that § 1927 is "merely another way to state the traditional approach" to bad faith fee awards). More recently, the Seventh Circuit has noted that bad faith includes "unnecessary delay" and "needless increase in the cost of litigation." *Mach v. Will Cnty. Sheriff*, 580 F.3d 495, 501 (7th Cir. 2009).

Defendants served their late responses to Stangle's requests to admit over three months after the requests were served. They did so in complete disregard of Rule 36(a)(3) and thus were deemed to have admitted facts central to Stangle's claims.

Defendants then waited over eleven months to file their motion to withdraw and did so only after Stangle filed her motion for partial summary judgment. This egregious delay caused a needless increase in the cost of this lawsuit, as Stangle relied heavily on the now-withdrawn admissions in her motion. Accordingly, the Court reiterates its conclusion that it is appropriate to assess against defendants Stangle's reasonable attorney's fees for the extra work necessitated by the withdrawal of defendants' admissions.

**2.    Sexual harassment claim**

In count 1, Stangle argues that ACE is liable to her under Title VII for sexual harassment committed by Earley. "To establish a prima facie case of sexual harassment under Title VII, a plaintiff must show that 1) she was subjected to unwelcome harassment; 2) the harassment was based on her sex; 3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere; and 4) there is a basis for employer liability." *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 788 (7th Cir. 2007). The Court concludes that genuine issues of fact remain as to whether Earley's conduct satisfies the third prong of the test outlined in *Boumehdi*. Accordingly, Stangle is not entitled to summary judgment on count 1.

**3.    Battery and assault claims**

In count 4, Stangle alleges that Earley is individually liable to her for battery and assault. The parties appear to agree that Illinois law governs these claims. Intentional battery consists of "a willful touching of another person without the consent of the

person who is touched." *Kling v. Landry*, 292 Ill. App. 3d 329, 339, 686 N.E.2d 33, 41 (1997). In other words, "'[t]o be liable for battery, the defendant must have done some affirmative act, intended to cause an unpermitted contact.'" *Pechan v. DynaPro, Inc.*, 251 Ill. App. 3d 1072, 1084, 622 N.E.2d 108, 117 (1993) (quoting *Mink v. Univ. of Chicago*, 460 F. Supp. 713, 717 (N.D. Ill. 1978)). "A person commits an assault when he places another in reasonable apprehension of receiving a battery." *S & F Corp. v. Daley*, 59 Ill. App. 3d 1024, 1030, 376 N.E.2d 699, 703 (1978) (internal quotation marks omitted).

As discussed above, Earley admitted to placing his hands on both sides of Stangle's face and kissing her. He also testified that doing so was improper and that he apologized to Stangle. Based on these facts, the Court concludes that no reasonable jury could find that Earley did not commit a battery. Earley's admissions conclusively demonstrate his intent to kiss Stangle. Defendants' argument that "Earley did not intend to cause unpermitted contact in the context of the situation" is beside the point, since "[a]n action for battery does not depend on the hostile intent of the defendant, but on the absence of the plaintiff's consent to the contact." *Kling*, 292 Ill. App. 3d at 339, 686 N.E.2d at 41. Though defendants argue that the parties "would have such physical contact as giving each other high fives," no rational jury could conclude on this basis, and in light of Earley's admissions and other facts in the record, that Stangle consented to being grabbed and kissed by Earley. And contrary to defendants' view, even a brief kiss may constitute a battery. *See* Prosser and Keaton, *The Law of Torts* §§ 8-9 (5th ed. 1984) ("[A] person may commit a battery when intending only a joke, or a

compliment–where an unappreciated kiss is bestowed without consent, or a misguided effort is made to render assistance").

For similar reasons, the Court concludes that Earley's admitted conduct constitutes an assault. Earley testified that Stangle "came up behind me and tapped me on the shoulder" just before he turned around, grabbed her face, and kissed her. Earley Dep. 70:20-21, Feb. 11, 2010. The record contains no countervailing facts suggesting that Stangle was unable to sense that Earley was trying to kiss her. Considering all of the facts, no rational jury could conclude that Stangle did not reasonably apprehend a battery when Earley placed his hands on her face and attempted to kiss her on the lips.

As discussed above, Stangle also alleges that Earley tried to stick his fingers in her ear, rubbed her shoulders, and grabbed her head and forced it into his crotch. Earley disputes these allegations, and genuine issues of fact remain as to whether they occurred. Accordingly, the Court grants Stangle's motion for summary judgment on count 4 only with respect to the March 20, 2008 incident in which Earley grabbed Stangle's head and kissed her.

### 4. Amount of fee award

In connection with the Court's award of attorney's fees and expenses arising from the withdrawal of defendants' admissions, Stangle seeks to recover a total of $13,453, broken down as follows:

- Attorney Uche Asonye, 3.75 hours at $425/hour: $1,593.75
- Attorney Scott Fanning, 15.35 hours at $225/hour: $3,453.75

- Law clerk Jason Keck, 61.25 hours at $125/hour: $7,656.25

- Two legal assistants, 6.95 hours at $100/hour: $695.00

- Photocopying charges: $54.25

Defendants do not object to the proposed hourly rates, and accordingly the Court finds they are reasonable. Defendants argue, however, that the amount of attorney and other time requested is unreasonably high.

The Court agrees with defendants in part. The attorney time that plaintiff seeks is properly justified. In light of the amount of attorney time spent, however, the Court is unpersuaded that sixty-one hours of law clerk time was reasonably necessary with regard to the part of the summary judgment motion that was rendered a waste of time by the withdrawal of defendants' admissions. The Court reduces that time by two-thirds, to $2,552. The Court also eliminates as not reasonably necessary the legal assistant time that Stangle requests. As a result, the Court directs defendants to pay to Stangle's counsel, within fourteen days of this order, the sum of $7,653.75.

**Conclusion**

For the reasons stated above, the Court grants plaintiff's motion for summary judgment in part and denies it in part [# 34]. The Court denies the motion with respect to count 1. The Court grants Stangle's motion with respect to count 4 as it relates to the March 20, 2008 incident but denies it with respect to any other conduct encompassed in count 4. The Court directs defendants to pay Stangle's counsel $7,653.75 within fourteen days. The case is set for a status hearing on January 12,

2010 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 13, 2010